PRATT, J., concurred.

Decree of surrogate affirmed, with costs.

---

JOHN EYLERS AND ANOTHER, RESPONDENTS, *v.* MARY COEN, APPELLANT.

*Note given to raise money to complete a contract — consideration, as between the maker and the sureties on the contract.*

A contractor with a municipal corporation being in default upon his work one of his sureties undertook to complete it. In order to enable the sureties to raise the moneys required for this purpose the wife of the contractor gave to the sureties her notes. These notes never passed from the hands of the sureties. The notes did not purport to bind, nor were they for the benefit of, the wife's separate estate.

In an action brought to recover upon said notes by the sureties:

*Held*, that, as between them and the wife, there was no consideration therefor.

That the notes were merely a promise by her to be liable for any money to be raised thereby for the purpose of completing the contract.

APPEAL by the defendant, Mary Coen, from a judgment of the City Court of Yonkers, entered in the office of the clerk of said court on the 11th day of March, 1891, in favor of plaintiffs for $872.40, after a trial before the court without a jury.

*F. X. Donoghue*, for the appellant.

*John C. Donohue*, for the respondents.

BARNARD, P. J.:

The defendant's husband was a contractor to do certain work for the city of Yonkers. The plaintiffs were his sureties for the performance of the work. The contractor failed to complete the work or to continue it, and the city notified the sureties that if the contract was not finished it would be taken out of Coen's hands. Coen then assigned his interest in the contract to the plaintiff

Eylers, who promised to complete the work. In order to raise money Mrs. Coen " said she would sign a note, and to make up a note between the three of us, to pay for this labor and materials on her husband's contract." This transaction was between the sureties and Mrs. Coen. A note for $500 was given by her to the plaintiffs to pay for labor and materials to finish the work under her husband's contract. On the 17th of May, 1891, she gave a note for $300 for the same purpose, and on December 3, 1890, she gave the note in full for $800, to include the two notes of $500 and $300. Hogan, one of the plaintiffs, states the transaction to have been a little different; that the defendant promised, at her giving of the first note, that as long as the contract was in her name the sureties should not lose. The defendant's statement differs from the plaintiffs, but the judge has found a consideration, and the question must be whether a consideration is established by the plaintiffs' testimony. It does not appear that the notes ever passed out of the plaintiffs' hands; that any money was ever borrowed upon them or either of them. No consideration was made out. As between the parties to this suit the defendant was a surety to the plaintiffs. She had no interest in the contract, and only lent her name so that the sureties could raise money to complete the work. In the hands of a *bona fide* holder for value the note would have been upheld. As between the parties it is a mere promise to be security for money to be raised by the surety to enable him to complete the contract of their principal, and is without consideration.

The contract is not finished, and the case shows that the $500 note was given upon the expressed condition that it was to pay for labor and materials " to finish Papton street," under her husband's contract, where the plaintiffs were " sureties for the same contract."

The subsequent note, $300, was, no doubt, given under the same condition or understanding.

The note was not given for the benefit of the separate estate of the wife, and does not charge such estate in the note itself.

The judgment should be reversed and a new trial granted, costs to abide event.

PRATT, J., concurred.

Judgment reversed and new trial granted, with costs to abide event.